**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION**

| | | |
|---|---|---|
| RANA JAHANI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-04205-SRB |
| | ) | |
| MARCO RUBIO[1], et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is United States Secretary of State, Defendant Marco Rubio, and the Acting Director of the National Vetting Center, Defendant Kenneth Platek (collectively "Defendants") Motion to Dismiss. (Doc. #17.) For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

## I. FACTUAL BACKGROUND[2]

Plaintiffs are nineteen Iranian national students, post doctorate researchers, and their derivative beneficiaries who have been accepted into programs at various American universities and research facilities. Plaintiff Rana Jahani ("Jahani") has an approved F-1 visa and lives in the Western District of Missouri. Plaintiff Ali Soltaninejad ("Soltaninejad") has an approved F-1 visa and lives in Alabama. All other Plaintiffs have pending visa applications and live outside the United States with a majority living in Iran and one in Poland.

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of State Marco Rubio is substituted for former Secretary of State Antony J. Blinken, and Acting Director Kenneth Platek is substituted for former Acting Director Daniel P. Callahan.

[2] In considering Defendants' motion to dismiss, the Court takes the facts pleaded in Plaintiffs' complaint as true and construes them in the light most favorable to Plaintiffs as the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

All Plaintiffs, beside Jahani and Soltaninejad who have approved F-1 visas, state that they fulfilled all administrative requirements to obtain their F-1, F-2, J-1, or J-2 category nonimmigrant visas ("NIV"). Following the filing of their applications, each Plaintiff was interviewed between January 10, 2023, and July 11, 2024, at various U.S. consulates and embassies around the world. Following their interviews, all Plaintiffs with pending applications were placed in further administrative processing under section 221(g) of the Immigration and Nationality Act ("INA"). Every Plaintiff with a pending application, except for Plaintiff Bahrami, was asked to provide additional information Form DS-5535, Supplemental Questions for Visa Applications ("DS-5535"), which consular officers use to request a Security Advisory Opinion ("SAO"). Plaintiffs who were asked to provide a DS-5535 did, but remain in administrative processing. Plaintiffs' individual visas were processing for a period ranging from six to twenty-two months at the time of filing their Complaint. Due to Defendants' delay in adjudicating Plaintiffs' F and J category NIV applications, Plaintiffs allege they "are in jeopardy of losing their positions[.]" (Doc. #1 at 6.)

Plaintiffs filed their Complaint asserting the following claims: Count I—violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), withholding adjudications of Plaintiffs' visa applications; Count II—violation of the APA, 5 U.S.C. § 555(b), unreasonably delayed adjudications of visa applications; Count III—violation of the APA, 5 U.S.C. § 706(2)(A) and (D), Defendants' policy to misuse § 221(g) to throttle issuance of visas; and Count IV—Mandamus Act, 28 U.S.C. § 1361. Plaintiffs request this Court issue "an order to compel Defendants and those acting under them to immediately and forthwith take all appropriate action to fulfill their mandatory, non-discretionary duty to adjudicate Plaintiffs' F-1,

F-2, J-1 and J-2 vias applications, and issue decisions on their applications within a reasonable time." (Doc. #1 at 7.)

Defendants now move to dismiss Plaintiffs' Writ of Mandamus and Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6), and 21. Specifically, Defendants ask the Court to (1) dismiss Count III under Rule 12(b)(6) for failure to state a claim; (2) sever any Plaintiffs with no connection to this district for misjoinder under Rule 21 and dismiss those Plaintiffs for improper venue under Rule 12(b)(3); and (3) dismiss Counts I, II, and IV as to any remaining Plaintiffs under Rule 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, under Rule 12(b)(6) due to the consular nonreviewability doctrine.

Plaintiffs oppose the motion. The parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Rule 12(b)(1), a party may move to dismiss based on lack of subject matter jurisdiction. Under Rule 12(b)(3), a party may raise the defense of improper venue at the motion to dismiss stage. Under Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted."

Under Rule 20, joinder is appropriate when a party's claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 21 permits a court to "add or drop a party" for misjoinder or "sever any claim against a party." Fed. R. Civ. P. 21.

## III. DISCUSSION

### A. Count III - Violation of the APA, 5 U.S.C. §§ 706(2)(A) and (D).

Defendants argue that Plaintiffs' Count III "illegal throttling" claim should be dismissed under Rule 12(b)(6) because "they allege no facts indicating the State Department reached a final

agency action creating a policy of using § 1201(g) visa refusals to throttle the issuance of visas." (Doc. #17 at 11.) In support, Defendants point to *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990), in which the Supreme Court rejected an APA challenge to the Bureau of Land Management's "land withdrawal review program" because the plaintiffs did not "refer to a single BLM order or regulation, or even to a completed universe of particular BLM orders and regulations." Id. at 890. In response, Plaintiffs re-state their contention that Defendants have created a policy of using § 221(g) refusals to "throttle legal immigration" (Doc. #18 at 18), but do not respond to Defendants' arguments that the "illegal throttling" claim is conclusory and fails to satisfy the APA's final agency action requirement.

To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

Under the APA, "[t]he reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law . . . [or] without observance of procedure required by law." 5 U.S.C. §§ 706(2)(A) and (D). A review under section 706(2) is limited to "final agency action," *Am. Anti-Vivisection Soc'y v. U.S. Dep't of Agric*., 946 F.3d 615, 620 (D.C. Cir. 2020). To be considered "final," an agency action "must mark the consummation of the agency's decisionmaking process" and "must not be of a merely tentative or interlocutory nature." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotation marks omitted). Further, a final agency action "must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* at 178 (internal quotation marks omitted).

Here, Plaintiffs have failed allege any facts indicating the State Department has a policy of using § 221(g) refusals to "throttle legal immigration." For instance, Plaintiffs have not identified a single order or regulation (or even to a completed universe of orders or regulations) as contemplated by *Lujan*. Furthermore, Plaintiffs have failed to show that any such policy would constitute a "final agency action" under the APA. *See Lujan*, 497 U.S. at 891 (noting that a plaintiff "cannot seek *wholesale* improvement of [a] program by court decree); *Cobell v. Norton*, 240 F.3d 1081, 1095 (D.C. Cir. 2001) ("While a single step or measure is reviewable, an on-going program or policy is not, in itself, a 'final agency action' under the APA."). Thus, Count III must be dismissed for failure to state a claim.

**B. Misjoinder of parties**

Defendants argue that all Plaintiffs other than Jahani, who resides in Columbia, Missouri and Plaintiff Keveh Hooshmandi ("Hooshmandi"), Jahani's spouse, should be severed. Specifically, Defendants argue that "Plaintiffs' illegal throttling claim in Count Three fails under Rule 12(b)(6), thus eliminating the common transaction or occurrence needed to unite all Plaintiffs. And Plaintiffs' remaining withholding and delay claims, each arising from different fact patterns, do not satisfy Rule 20(a)." (Doc. #17 at 12.) Additionally, Defendants argue that

the severed claims should be dismissed for improper venue given that the severed co-Plaintiffs have no connection to the Western District of Missouri. (*Id.* at 14.) Plaintiffs respond that all claims against Defendants (not just Count Three) "arise from the same questions of fact and law regarding Defendants' unreasonable delay in adjudicating their visas and completing their administrative processing" and therefore the cases should not be severed. (Doc. #18 at 10.) Plaintiffs also argue they will be harmed if severance is granted because it will cause further delay. Plaintiffs do not address Defendants' arguments regarding venue.

Under Rule 20, joinder is appropriate only if parties claim relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). "Permissive joinder is not, however, applicable in all cases," and "the scope of the civil action is made a matter for the discretion of the district court." *Id.* at 1332-33. When determining whether parties are joined properly, the Court should "liberally construe[ ] [the requirements] in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive termination of the action." *West Coast Prods. v. Does*, No. 4:12CV01551 AGF, 2013 U.S. Dist. LEXIS 140436, at *4-5 (E.D. Mo. Sep. 30, 2013) (internal citations omitted). If the party does not satisfy the test for permissive joinder, the Court may sever the misjoined parties, "so long as no substantial right will be prejudiced by the severance." *Id.* (internal citations omitted). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

Although Plaintiffs raise the same statutory causes of action, the claims do not arise out of "the same transaction, occurrence or series of transactions or occurrences." As Defendants point out, "[v]isa issuance is a highly particularized, fact-intensive process for each applicant." (Doc. #17 at 12.) Plaintiffs' withholding and delay claims arise from different fact patterns—Plaintiffs have applied for different types of visas, their visas were processed and refused by different consular officers at different U.S. consulates and embassies around the world, and the visa applications have been undergoing post refusal administrative processing for different lengths of time and for different reasons. *See Ariani v. Blinken*, No. 2:24-cv-04536-FWSDFM, slip op. at 20 (C.D. Cal. Dec. 26, 2024) (ECF No. 49) ("These claims do not arise out of the same transaction and occurrence because Plaintiffs' applications were submitted and processed at different times and places, have been pending for various lengths of time, and necessarily depend on the fact-specific background of the applicant."); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (concluding that 49 plaintiffs seeking a writ of mandamus against immigration officials based on the "alleged procedural problem of delay" were not properly joined because "the existence of a common allegation of delay, in and of itself, does not suffice to create a common transaction or occurrence"). Because Plaintiffs have not satisfied the requirements of Rule 20(a), the Court need not reach considerations of fairness to the parties and judicial economy. Based on the foregoing, the Court severs the claims of all Plaintiffs other than Jahani and Hooshmandi.

**C. Venue**

"When reviewing a motion . . . under Rule 12(b)(3), the Court . . . must construe all facts in the light most favorable to the non-moving party, and take the facts alleged in the complaint as true." *Ortho Sols., LC v. Sanchez,* Case No. 4:19CV1307 HEA, 2019 U.S. Dist. LEXIS 98569, 2019 WL 2450966, at * 4 (E.D. Mo. June 12, 2019). "Unlike motions to dismiss under Rule

12(b)(6) . . . the court may consider matters outside the pleadings." *Id*. "In the Eighth Circuit, the defendant has the burden of establishing that venue is improper." *Shaffer v. Health Acquisition Co., LLC,* Case No. 4:18-cv-00601-NKL, 2019 U.S. Dist. LEXIS 34417, 2019 WL 1049392, at * 6 (W.D. Mo. Mar. 5, 2019). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Western District of Missouri is an improper venue for the severed co-Plaintiffs' cases. In cases brought against agencies or officers of the United States, venue is proper in any judicial district where "a defendant in the action resides," "a substantial part of the events or omissions giving rise to the claim occurred," or "the plaintiff resides." 28 U.S.C. § 1391(e)(1). Acting Director Platek of the National Vetting Center is located in the Eastern District of Virginia. (Doc. #1 at ¶ 36 n.2). The Secretary of State is a resident of the District of Columbia. *See Kashin v. Kent*, 457 F.3d 1033, 1037 (9th Cir. 2006). Consular officers abroad adjudicated Plaintiffs' visa applications. Any allegedly delayed adjudication, likewise, occurred abroad. As such, any suit alleging unreasonable delay should be brought in either the district where Plaintiffs reside, the Eastern District of Virginia, or the District of Columbia. Here, only Jahani and her spouse, Hooshmandi, have a connection to the Western District of Missouri. (Doc. #1 at ¶¶ 16-18.) Because the severed Plaintiffs have no connection to this District, *see id.* ¶¶ 19–34, and they are not properly joined, venue is improper. *See Pars Equal. Ctr. v. Blinken*, No. 24-CV-00001-SI, 2024 WL 4700636, at *9 (N.D. Cal. Nov. 5, 2024) (finding venue improper as to out-of-district plaintiffs after dismissing their common policy claim).

A Court may transfer an improperly venued case to another district in which it could have been brought "if it be in the interest of justice." *See* 28 U.S.C. § 1406(a). "Transfer is preferred over dismissal whenever possible to remove procedural obstacles which would prevent an expeditious and orderly adjudication of a case on its merits." *Arkansas-Mo. Forest Prod., LLC v. Lerner*, No. 15-CV-00771-SRB, 2016 WL 756503, at *4 (W.D. Mo. Feb. 25, 2016) (citations and quotation marks omitted). The Court finds that "the interest of justice," including the delay involved in requiring the severed Plaintiffs to re-file, requires transfer of the severed cases. Thus, the severed cases are transferred to the District of Columbia, where the Secretary of State resides.

### D. The Court's jurisdiction over Count I, II, and IV and consular nonreviewability doctrine

Defendants urge the Court to dismiss Counts I, II, and IV as to any remaining Plaintiffs under Rule 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, under Rule 12(b)(6) due to the consular nonreviewability doctrine.

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation marks and citation omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* (internal quotation marks and citation omitted). Given that Defendants do not challenge the accuracy of the allegations in

Plaintiffs' Complaint, the Court considers Defendants' argument that subject-matter jurisdiction is lacking to be a facial attack.

**1. Duty of named defendants**

Defendants argue that Secretary Rubio has no statutory or regulatory duty or authority to provide the requested relief because State Department consular officers have exclusive authority relating to the granting or refusal of visas. (Doc. #17 at 16). Additionally, Defendants argue that Plaintiffs have not identified any statute or regulation that imposes any obligation on the National Vetting Center in the Department of Homeland Security or Acting Director Platek to adjudicate visas. Plaintiffs maintain that the State Department has a duty to timely adjudicate visa applications, and the Secretary is responsible for the overall administration of the Department, including the Bureau of Consular Affairs. (Doc. #18 at 12; Doc. #1 at ¶ 35.) Plaintiffs do not respond to Defendants' argument that the National Vetting Center owes no duty and has no ability to adjudicate visa applications.

The Secretary's role in granting and refusing visas is circumscribed by statute. Under 8 U.S.C. § 1104(a), the Secretary is charged with "the administration and the enforcement of . . . immigration and nationality laws relating to . . . the powers, duties, and functions of diplomatic and consular officers of the United States, except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas." However, as multiple courts have held, decisions on the merits are distinct from decisions about timing. *See, e.g.*, *Ahmed v. Blinken,* No. 24-153, 2024 U.S. Dist. LEXIS 215789 at *7 (D.D.C. Nov. 27, 2024); *Al-Gharawy v. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 10 (D.D.C. 2022); *Giza v. Blinken,* No. 23-cv-1641, 2024 U.S. Dist. LEXIS 153156 at *7 (D.D.C. Aug. 27, 2024) (collecting cases). Although the Secretary may not direct a particular outcome with respect to

visa adjudications, nothing precludes the Secretary from playing a role as to the pace of visa adjudications. *See Ahmed*, 2024 U.S. Dist. LEXIS 215789 at *8; *Al-Gharawy.*, 617 F. Supp. 3d at 10. Thus, Plaintiffs have properly named Secretary Rubio.

"A plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims." *Jarrett v. Henkel Corp.*, No. 4:15-CV-0832-DGK, 2016 WL 409819, at *2 (W.D. Mo. Feb. 2, 2016). Here, Plaintiffs have not responded to Defendants' argument that Plaintiffs failed to identify any statute or regulation that grants any authority or imposes any obligation on the National Vetting Center to adjudicate visas. Thus, the Court dismisses Plaintiffs' claims against Acting Director Platek.

**2. Duty to complete "administrative processing" and consular nonreviewability**

Defendants argue that "any duty that State Department consular officers had to act was satisfied by the refusal of Plaintiffs' visas under 8 U.S.C § 1201(g)." (Doc. #17 at 17.) Plaintiffs argue Defendants have not dispensed with their duty because the visas remain in administrative processing. (Doc. #18 at 15-16.)

Under the APA, a court may only compel an agency to perform a "discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All*., 542 U.S. 55, 64 (2004). Similarly, a court "may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a *nondiscretionary duty* to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (emphasis added). Further, "[i]n order for mandamus to lie[,] the duty owed to the plaintiff must be ministerial and a positive command so plainly prescribed as to be free from doubt." *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016). Courts typically require a plaintiff make the same showing under both the APA and

Mandamus Act. *See, e.g.*, *Asresash B.T. v. Blinken*, No. 22-CV-1300 (WMW/JFD), 2023 WL 2273158, at *3 (D. Minn. Feb. 28, 2023).

Here, the Court adopts the reasoning of *Ahmed*, 2024 U.S. Dist. LEXIS 215789 at *10 and holds that there is a duty to complete adjudication of visa applications, including completing the administrative review process. *See also Khazaei v. Blinken*, No. 23-1419, 2023 U.S. Dist. LEXIS 164822, at *12-13 (D.D.C. Sept. 18, 2023) ("If Plaintiffs' applications are still under consideration, such that their visas may yet issue, then the Department's obligations under 5 U.S.C. §§ 555(b) and 706(1) continue to apply with equal force").

Alternatively, Defendants argue that Count I, II, and IV should be dismissed under Rule 12(b)(6) due to the consular nonreviewability doctrine. Defendants argue that the consular officers' refusal of Plaintiffs' visas has "final and conclusive" effect entitling them to the protections of the doctrine. (Doc. #20 at 10). Plaintiffs argue that the doctrine does not apply because there has been no final decision on Plaintiffs' visa applications as they are still in administrative processing. (Doc. #18 at 16.)

In the context of visa adjudications, consular nonreviewability "shields a consular official's decision to issue or withhold a visa from judicial review, at least unless Congress says otherwise." *Baan Rao Thai Rest*., 985 F.3d 1020, 1024 (D.C. Cir. 2021). "[T]he consular nonreviewability doctrine applies only to final decisions and thus does not bar judicial review of a consular officer's delay when a visa application has been provisionally refused pending a final decision." *Al-Gharawy*, 617 F. Supp. 3d at 11. The Court adopts the reasoning of *Al-Gharawy* and *Ahmed* and holds that the nonreviewability doctrine does not bar judicial review when a visa remains in administrative processing. *Al-Gharawy*, 617 F. Supp. 3d at 16; *Ahmed*, 2024 U.S. Dist. LEXIS 215789 at *9. Here, all Plaintiffs with pending applications remain in

administrative processing. *See Khazaei,* 2023 U.S. Dist. LEXIS 164822, at *12; *Sawahreh v. United States Dep't of State,* 640 F. Supp. 3d 155 (D.D.C. 2022) ("This Court again joins others in this district in holding that Defendants cannot 'unsubscribe' from judicial review of cases in administrative processing for unreasonable delay by simply changing their website.") Thus, the doctrine does not apply.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Doc. #17) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED in so far as (1) Count III is DISMISSED; (2) all claims against Acting Director of the National Vetting Center, Defendant Kenneth Platek are DISMISSED; and (3) All Plaintiffs other than Plaintiff Rana Jahani and Plaintiff Keveh Hooshmandi are severed. The severed cases are TRANSFERRED to the United States District Court for the District of Columbia. The Clerk of the Court is directed to take all steps necessary to effectuate this transfer. The motion is DENIED in all other respects.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2025